```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


RAFAEL GONZALEZ,                  :
                                  :   Civil Action No. 13-3413 (FSH)
            Petitioner,           :
                                  :
       v.                         :   OPINION
                                  :
OSCAR AVILES, et al.,             :
                                  :
            Respondents.          :
```

**APPEARANCES:**

    RAFAEL GONZALEZ, Petitioner *Pro Se*
    #252121  LOC-5 South
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearny, New Jersey 07032

    CHARLES SCOTT GRAYBOW, AUSA
    OFFICE OF THE U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Counsel for Respondents

**HOCHBERG**, District Judge

    Petitioner Rafael Gonzalez ("Petitioner"), an immigration detainee presently confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

his mandatory detention during his immigration removal proceedings. The sole proper respondent is Oscar Aviles, Warden/Administrator at the Hudson County Correctional Center, where Petitioner is in custody.[2] Because it appears from a review of the parties' submissions that Petitioner is not entitled to the relief he seeks at this time, the Court will deny the petition without prejudice.

I.  BACKGROUND

Petitioner Rafael Gonzalez is a native and citizen of the Dominican Republic, who was admitted to the United States, on March 11, 1995, as a lawful permanent resident alien. (Petition, ¶¶ 9, 15.)  On September 18, 2011, the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear for Removal Proceedings.  The Notice charged that Petitioner was

---

> (c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

[2] Petitioner also has named various remote federal officials as respondents.  The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held.  Accordingly, Administrator Aviles is the only properly named respondent in this action, and the other named respondents shall be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

subject to removal from the United States, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), based on Petitioner's 1997 New York state court conviction on a charge of criminal possession of a controlled substance in the seventh degree. (Respondent's Declaration of Charles Graybow ("Graybow Decl."), Exhibit 1; Pet. ¶ 17.) Petitioner was sentenced to time served with regard to the 1997 New York state court conviction. (Pet. ¶ 17.)

Petitioner was taken into custody and detained by the ICE on September 18, 2011. (*Id*. ¶ 18.) On January 5, 2012, an Immigration Judge ordered Petitioner's removal from the United States. (Graybow Decl. Ex. 2.) Petitioner appealed from that decision, and on August 27, 2012, the Board of Immigration Appeals ("BIA") upheld the Order of Removal. (*Id*. Ex. 3.) The BIA also found that Petitioner's 1997 New York state court conviction did not render Petitioner statutorily ineligible for cancellation of removal, and the BIA remanded the matter to the Immigration Judge to determine Petitioner's eligibility accordingly. (*Id*.)

In October 2012, the Immigration Judge denied Petitioner's eligibility for cancellation of removal because Petitioner did not satisfy the requisite period of continuous residency. (*Id*.

Ex. 4.) Petitioner then applied for alternative forms of relief from removal. The Immigration Judge conducted a merits hearing on Petitioner's applications, and on June 19, 2013, denied relief from removal and ordered Petitioner removed from the United States. (*Id*.) Petitioner promptly appealed the June 19, 2013 Order of removal that same day. (*Id*. Ex. 5.)

On May 30, 2013, Petitioner filed this application for habeas relief under 28 U.S.C. § 2241, challenging his detention pending removal proceedings. (Docket No. 1, Petition.) Petitioner mainly contends that he is not subject to mandatory detention under 8 U.S.C. § 1226(c), because he was not taken into ICE custody "when released" from custody for a removable offense. Petitioner alleges that he was taken into ICE custody on September 18, 2011, more than 14 years after he was released from custody on the removable offense on August 6, 1997. (Id. ¶¶ 27-29.)

On July 24, 2013, the Government filed an answer to the habeas petition. (Dkt. # 11.)

On August 22, 2013, Petitioner submitted a letter to the Court seeking relief due to his deteriorating medical condition. Petitioner alleges that he suffers from Hepatitis B and sclerosis of the liver. (Dkt. # 12.) On September 24, 2013,

4

Petitioner again wrote to the Court reiterating his medical complaints.  (Dkt. # 13.)  There is no indication from these letters that Petitioner has been denied treatment for his ailments.

## II. RELEVANT STATUTES

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.  Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending.  The statute provides,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>> (2) may release the alien on—
>>    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>    (B) conditional parole; but
>> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

5

>(b) Revocation of bond or parole
>
>The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

8 U.S.C. § 1226 (emphasis added.)

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides in relevant part that:

>The Attorney General *shall* take into custody any alien who—
>
>(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
>(B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ...
>*when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(B)(emphasis added).  Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.

6

III. ANALYSIS

Petitioner challenges his detention pursuant to pre-removal proceedings under 8 U.S.C. § 1226(c) because he was not taken into ICE custody immediately upon completion of his criminal sentence for a removable offense.

As set forth above, an alien is subject to mandatory detention and subsequently removal or deportation from the United States when he/she:

> ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Apprehension and Detention of Aliens*, 8 U.S.C. § 1226(c)(1)(B).

The United States Court of Appeals for the Third Circuit recently resolved a challenge such as Petitioner raises here by ruling that even if 8 U.S.C. § 1226(c)(1) called for detention when an alien was released, nothing in the statute suggested that the immigration officials would lose their authority to effectuate the removal proceeding and mandatorily detain the alien if detention was delayed. *See Sylvain v. Attorney General of the United States*, 714 F.3d 150, 157 (3d Cir. 2013).

Petitioner's challenge here, based on the phrase "when the alien is released" in § 1226(c), fails because the phrase does not mean that detention must be immediate. *See Sylvain*, 714 F.3d at 157 (holding that "even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay.").

Thus, the *Sylvain* ruling means that an alien raising a claim such as the claim presented here is not entitled to habeas relief simply because immigration officials delayed in taking him/her into custody. *See id*. In this case, ICE officials did not lose their authority to effectuate mandatory detention of Petitioner in conjunction with removal proceedings simply due to a lapse in time between Petitioner's release from non-ICE custody and his current mandatory detention. Accordingly, Petitioner's challenge here is without merit and the Petition must be denied.

The Government further argues that Petitioner cannot avoid mandatory detention under § 1226(c), simply by arguing that he is neither a flight risk nor a danger to the community and that he has a "substantial challenge" to his removal. (Pet. ¶¶ 1, 21, 31-33.) Section 1226(c), when plainly read, makes no exceptions to mandatory detention for aliens who can

8

substantiate these claims. Accordingly, this claim by Petitioner likewise is without merit and should be denied.

Finally, the Court takes note of the Government's argument that Petitioner does not assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In *Diop*, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. 656 F.3d at 231. Specifically, the Third Circuit found that the 35-month mandatory detention of Diop was unreasonable partly because the immigration judge had committed "numerous errors" that caused the BIA to remand the case three times. *Id*. at 224-26, 234-35.

Nevertheless, the Third Circuit has not set a "universal point" when mandatory detention under § 1226(c) is unreasonable. *See Leslie v. Attorney General*, 678 F.3d 265, 270-71 (3d Cir.

9

2012) (ultimately finding that Leslie's four-year detention under § 1226(c) was unreasonable because it had been prolonged by the alien's successful appeals, and petitioner should not be punished by continued detention for having pursued these "bona fide" legal remedies).

In this case, Petitioner's has been detained for two years, well short of the lengthy detention period of 35 months found to be unreasonable by the Third Circuit in *Diop*, and the four-year period of detention found to be unreasonable in *Leslie*. The Government argues that even if the Court were to take into consideration that the BIA needed to remand the case to the immigration judge once, the circumstances here were "qualitatively different from the 'numerous errors' that caused Diop's case to be remanded three times." (Dkt. # 11, Resp. Ans. at 10.)

Accordingly, the Court dismisses this petition without prejudice to Petitioner bringing a new and separate action under either *Diop,* or *Zadvydas v. Davis*, 533 U.S. 678 (2001)(holding that post-removal-period detention contains implicit reasonableness limitation and that the presumptive limit for post-removal-period detention is six months), in the event the

10

facts and circumstances of Petitioner's custody and detention by ICE should change in the future.

## IV. CONCLUSION

For the foregoing reasons, the Court denies without prejudice Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.


s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

Dated:  September 30, 2013